# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD V. SHELL,<br><br>      Petitioner,<br> vs.<br>DIANE JONES, et al.,<br><br>      Respondents. | CASE NO. 14-cv-1132-LAB-WVG<br><br>**DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)** |

  Petitioner Edward V. Shell filed this action for a writ of habeas corpus in the United States District Court for the Eastern District of California. The matter was transferred to this Court, and then dismissed as successive. (Document no. 12.) Now Petitioner moves to reinstate and transfer his habeas petition.

  This is not Petitioner's first habeas action. On May 24, 2000, Petitioner filed a habeas petition in this Court in case number 00-cv-1065-BTM (RBB). There, Petitioner challenged his 1997 state court conviction. The Court denied the petition, and the Ninth Circuit affirmed the dismissal. *See* Docket no. 19 in case no. 00-cv-1065-BTM (RBB) (March 9, 2001); *Shell v. Terhune*, 46 F. App'x 541 (9th Cir. 2002). Later, Petitioner filed in the same case a motion for relief under Fed. R. Civ. P. 60(b)(6), which the Court denied as successive. *Shell v. Hill*, No. CIV. 00-1065 BTM, 2010 WL 5236018 (S.D. Cal. Dec. 16, 2010). On November 17, 2008, Petitioner filed another habeas corpus petition in this Court in case number

08cv2159-H (POR). There, Petitioner also challenged his 1997 state court conviction. Petitioner's November 17, 2008 petition was dismissed as successive, and the Ninth Circuit denied Petitioner permission to file a successive petition. *See* Docket no. 10 in case no. 08cv2159-H (POR) (June 3, 2009); *Shell v. Hill*, No. 13-72732 (9th Cir. Sept. 26, 2013).

Then, on April 9, 2014, Petitioner filed the petition at issue in this case. (Docket no. 1.) He contends that the abstract of judgement from his 1997 conviction is ambiguous, and California Department of Corrections officials have resolved that ambiguity in a manner which he claims lengthens his sentence in violation of his federal constitutional rights. On May 7, 2014, this Court dismissed Petitioner's April 9, 2014 petition as successive. (Docket no. 12.) Petitioner now seeks to reinstate that petition. He also requests that this matter be transferred to the Eastern District of California.

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244b(2). But even then, the petitioner must obtain the Court of Appeals' permission to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Because Petitioner is challenging the sentence imposed under the same conviction that he challenged in his earlier petitions, he must show that he has obtained an order from the Ninth Circuit authorizing this Court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A). He has not made such a showing.

Petitioner's motion to transfer this matter to the Eastern District of California also fails. This Court has jurisdiction over Petitioner's application for habeas corpus pursuant to 28 U.S.C. § 2241(d) and, in any event, no district court could consider Petitioner's successive petition without authorization from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

///
///
///
///

1 | The motion is **DENIED**. This action is **DISMISSED** without leave to amend, but without prejudice to Petitioner filing a petition in this Court if he obtains the necessary order from the Ninth Circuit.

**IT IS SO ORDERED**.

DATED: March 20, 2015

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN Burns**
United States District Judge